IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Andre B.,[1] | ) | C/A No.: 1:20-cv-935-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| Andrew M. Saul, | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on Plaintiff's motion for attorney fees under the Equal Access to Justice Act ("EAJA"). [ECF No. 21]. On December 29, 2020, the court granted the Government's unopposed motion to reverse and remand the Commissioner's final decision denying Plaintiff's claim for Disability Insurance Benefits under sentence four of 42 U.S.C. § 405(g). [ECF No. 19]. Plaintiff subsequently filed this motion seeking attorney fees of $4,000 and expenses of $17.25. [ECF No. 21]. Plaintiff's attorneys represent that they conferred with Beth Drake, Assistant United States Attorney for the District of South Carolina, and Evelyn Rose Marie Protano, Assistant Regional Counsel for the Social Security Administration, on March 26, 2021, and that the Commissioner agrees to the stipulated fee and expenses. [ECF

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

No. 21-2]. The Government subsequently filed a stipulation for an award of $4,000 in attorney fees and $17.25 in expenses. [ECF No. 22]. Considering the agreement among the parties, the court grants the motion and directs the Commissioner to pay Plaintiff $4,017.25. This payment shall constitute a complete release from and bar to any further claims that Plaintiff may have under the EAJA to fees, costs, and expenses incurred in connection with disputing the Commissioner's decision. This award is without prejudice to the rights of Plaintiff's counsel to seek attorney fees under section 206(b) of the Social Security Act, 42 U.S.C. § 406(b), subject to the offset provisions of the EAJA.

Under *Astrue v. Ratliff*, 130 S.Ct. 2521, 2528–29 (2010), EAJA fees awarded by this court belong to Plaintiff and are subject to offset under the Treasury Offset Program (31 U.S.C. § 3716(c)(3)(B) (2006)). Therefore, the court orders the EAJA fee to be made payable to Plaintiff and mailed to the business address of Plaintiff's counsel.[2]

IT IS SO ORDERED.

March 30, 2021
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge

---

[2] Pursuant to the parties' stipulation, the EAJA fee shall be directed to Olinsky Law Group, 250 S. Clinton St., Ste. 210, Syracuse, NY 13202. [ECF No. 22 at 1]. Plaintiff's counsel may disburse these funds to satisfy valid liens or in accordance with a lawful assignment.